Dan **NICHOLS**, Petitioner–Appellant,

v.

Jack **McCORMICK**, Warden,
Respondent–Appellee.

No. 90–35416.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1991.

Decided April 1, 1991.

Wendy Holton, Helena, Mont., for petitioner-appellant.

Elizabeth S. Baker, Asst. Atty. Gen., Helena, Mont., for respondent-appellee.

Before BROWNING, WRIGHT and FARRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Nichols was convicted in state court of kidnapping and assault. The court sentenced him to ten years for kidnapping and six months for assault. It imposed an additional ten years, to run consecutively to the other sentences, for using a firearm while engaged in the commission of an offense, under the Montana weapons enhancement statute.[1]

Having exhausted his state court remedies, Nichols petitioned for habeas relief, alleging that the enhancement of his sentence violated his constitutional rights under *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). He noted that the charging document filed by the state did not charge him with violating the weapons enhancement statute. He argued that the enhancement of his sentence deprived him of his right to due process and his right to a jury determination on the elements of the crime, in violation of the Sixth and Fourteenth amendments. The district court denied his petition. *Nichols v. McCormick,* 738 F.Supp. 362 (D.Mont.1990). We affirm.

We review de novo the denial of a petition for writ of habeas corpus. *Tinsley v. Borg,* 895 F.2d 520, 523 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991).

---

**1.** The statute provides:

A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm ... shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years ...

Mont.Code Ann. § 46–18–221 (1989).

## I

The state argues that we are barred from reviewing Nichols' constitutional claim because the Montana Supreme Court rejected his post-conviction petition, in which he asserted identical claims, on procedural grounds.

 The procedural default rule takes effect only if the state court "clearly and expressly" based its decision on state procedural law. *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). We agree with the district court that the Montana Supreme Court order is ambiguous. Thus, Nichols is entitled to have us resolve his claim on the merits.[2]

## II

Nichols challenges the constitutionality of the Montana weapons enhancement statute, both on its face and as applied to him. The gravamen of his complaint is that the statute creates a separate substantive offense. As such, he argues that the state was required to charge him with weapon use in the indictment and to submit the issue to the jury.

 Our decision in *LaMere v. Risley*, 827 F.2d 622 (9th Cir.1987) controls this case.[3] We upheld the constitutionality of the Montana statute against an identical due process attack. *Id.* at 624. We said that the statute provides only for enhancement of a penalty once the defendant has been found guilty of an underlying offense. It does not create a separate substantive offense which must be charged in the indictment. *Id.* Nichols' due process claim must fail because it is indistinguishable from the claim construed in *LaMere*.

Similarly, our conclusion in *LaMere* that the statute does not create a separate substantive offense provides the basis for disposing of his Sixth Amendment claim. In *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Supreme Court held that the Sixth Amendment does not require jury sentencing when a statute makes weapon possession a sentencing factor rather than an element of a crime. 477 U.S. at 93, 106 S.Ct. at 2420. Because we already determined in *LaMere* that Montana properly treats weapon use as a sentencing factor, it follows that there is no Sixth Amendment right to a trial by jury.[4]

 Nichols argues that *LaMere* is not controlling because it is inconsistent with a line of Supreme Court cases ending with

2. We reject Nichols' claim that the state may not raise the procedural default issue because it failed to cross-appeal the issue. *See United States v. Hilger*, 867 F.2d 566, 567 (9th Cir.1989) (in absence of cross-appeal, court addressed appellee's improper venue argument because appellee was not attempting to obtain more relief than he had already been granted).

3. The district court concluded that *LaMere* did not control the result here because of our decision in *Adamson v. Ricketts*, 865 F.2d 1011 (9th Cir.1988) (en banc), *cert. denied*, ── U.S. ──, 110 S.Ct. 3287, 111 L.Ed.2d 795 (1990). *Nichols v. McCormick*, 738 F.Supp. 362, 365 n. 4 (D.Mont.1990). In *Adamson*, we relied partly on *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1985), the most recent Supreme Court case discussing the interplay between due process and a state's ability to punish criminal conduct, to invalidate on Sixth Amendment grounds an Arizona sentencing statute. *Adamson*, 865 F.2d at 1027–29. We concluded that aggravating circumstances were really elements of a separate offense and should have been considered by a jury. *Id.*

The district court found that the Arizona statute considered in *Adamson* was distinguishable from the Montana weapon enhancement statute. Unlike the Arizona legislature, the Montana legislature did not redefine or reclassify as sentencing factors elements of a crime when it passed the weapon enhancement statute. *Nichols*, 738 F.Supp. at 369–70.

We agree that *Adamson* is distinguishable. Moreover, the precedential value of *Adamson* is questionable after the Supreme Court's decision in *Walton v. Arizona*, ── U.S. ──, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). In *Walton*, the Court rejected an identical Sixth Amendment attack on the Arizona statute, reasoning that the Constitution does not require every finding of fact underlying a sentencing decision to be made by a jury rather than by a judge. *Id.* 110 S.Ct. at 3055.

4. Nichols argues that the statute creates an aggravated version of the underlying offense. Our conclusion that Montana properly treats weapons use as a sentencing factor forecloses this argument.

*McMillan.*[5] We disagree.

The specific issue in *McMillan* was whether a Pennsylvania statute that characterized "visible possession of a firearm" as a sentencing factor rather than as an element of an offense violated due process. Under the statute, after a defendant was convicted of the underlying offense, the sentencing judge would determine by a preponderance of the evidence whether the defendant had visibly possessed a firearm while committing the offense. If so, the defendant received a mandatory five year sentence.

> The Court upheld the statute, stating: While visible possession might well have been included as an element of the enumerated offenses, Pennsylvania chose not to redefine those offenses in order to so include it, and *Patterson [v. New York,* 432 U.S. 197, 211, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977) ] teaches that we should hesitate to conclude that due process bars the State from pursuing its chosen course in the area of defining crimes and prescribing penalties.

*McMillan,* 477 U.S. at 86, 106 S.Ct. at 2416.

Nichols relies on the following language from the Court's discussion of whether the statute violated due process:

> [The statute does not] alter[ ] the maximum penalty for the crime committed ...; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of visible possession of a firearm.... Petitioners' claim that visible possession under the Pennsylvania statute is "really" an element of the offenses for which they are being punished—that Pennsylvania has in effect defined a new set of

upgraded felonies—would at least have superficial appeal if a finding of visible possession exposed them to greater or additional punishment.

*Id.* at 87–88, 106 S.Ct. at 2416–17.

Nichols is correct in his assertion that the Montana statute, unlike that of Pennsylvania in *McMillan,* allows the sentencing court to impose a penalty in excess of that permitted by the underlying offense. He argues that *McMillan* established a limitation on the state's power to define a sentencing factor. Under this approach, whenever a statute operates to increase a sentence beyond the maximum permitted by the underlying offense, the factor which brings the statute into play should be considered an element of the offense.

We reject this narrow reading of *McMillan.*[6] The *McMillan* court made it clear that state legislatures do not have unfettered discretion to define the elements of an offense, *id.* at 85, 106 S.Ct. at 2415, quoting *Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977), but it has consistently rejected any bright line test such as that Nichols proposes. *Id.* at 91, 106 S.Ct. at 2419. Instead, the Court said that the constitutionality of similar statutes depends on "differences of degree," *id.,* and discussed factors relevant to making this determination. *Id.* at 85–89, 106 S.Ct. at 2415–17.

One factor is whether the state legislature has attempted to circumvent due process protections by redefining elements of an offense as sentencing factors. *Id.* at 86–87, 106 S.Ct. at 2416. The Montana legislature has not attempted to do so. *See Nichols,* 738 F.Supp. at 368–69. Another factor is whether the legislature has relieved the prosecution of its burden of prov-

---

**5.** Nichols urges us to reconsider *LaMere,* but did not suggest an en banc review under Fed.R. App.P. 35. A panel not sitting en banc may not overturn Ninth Circuit precedent. *United States v. Aguilar,* 883 F.2d 662, 690 n. 25 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 751, 112 L.Ed.2d 771 (1991).

**6.** Nichols cites no authority for his narrow reading of *McMillan.* The Montana Supreme Court recently rejected such a narrow reading in *State v. Krantz,* 241 Mont. 501, 788 P.2d 298, 303, *cert. denied,* —— U.S. ——, 111 S.Ct. 341, 112 L.Ed.2d 306 (1990) (upholding constitutionality of the

Montana weapons enhancement statute). Several circuits have also rejected such a narrow view. *See, e.g., United States v. Rumney,* 867 F.2d 714, 718–19 (1st Cir.1989), *cert. denied,* 491 U.S. 908, 109 S.Ct. 3194, 105 L.Ed.2d 702 (1989) (upholding heightened penalty for those who possess a firearm after three prior convictions); *United States v. Lowe,* 860 F.2d 1370, 1379 (7th Cir.1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989) (upholding heightened penalty for possession of a firearm after three prior convictions).

ing all of the elements of an offense, as defined by the state, beyond a reasonable doubt. *McMillan,* 477 U.S. at 87–90, 106 S.Ct. at 2416–18. The legislature did not do this either. *Nichols,* 738 F.Supp. at 368–69.

As to Nichols' argument that a factor is "really" an element of an offense if it results in a sentence beyond the maximum allowable for the underlying offense, the *McMillan* Court said only that the enhanced effect of a statute would give such an argument "superficial appeal." *McMillan,* 477 U.S. at 88, 106 S.Ct. at 2417. The Court's statement should not be given controlling weight in the absence of other factors supporting Nichols' position. Furthermore, the Court noted that the defendant's possession of a weapon during the commission of an offense is a factor that has traditionally been considered by sentencing courts in performing their duties. *Id.* at 89, 106 S.Ct. at 2417. The import of *McMillan* is that a state is free to define possession of a weapon as a sentencing factor.

We conclude that our decision in *LaMere* is consistent with the rationale of *McMillan.* The Montana weapon enhancement statute does not create a separate substantive offense.

AFFIRMED.