959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Joseph COLEMAN, Petitioner-Appellant,
v.
Robert G. BORG, Warden Respondent-Appellee.
 No. 89-55909.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided April 13, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Coleman appeals denial of a writ of habeas corpus. Coleman was convicted of first degree murder and other charges after a jury trial in San Diego. The state trial court sustained Coleman's objection at trial that the prosecutor had impermissibly challenged prospective black jurors in the original venire.[1] A second venire was then summoned. This second venire contained no blacks, and Coleman's counsel did not object. Coleman petitioned for a writ of habeas corpus on three bases: (1) the selection of a second all white venire was an inadequate remedy for the impermissible attempt to exclude blacks from the jury; (2) he was denied a fair opportunity to obtain a jury drawn from a representative cross-section of the community; and (3) Coleman's counsel was constitutionally ineffective in failing to make the first two arguments more thoroughly. The district court denied the petition, and we affirm.
 
 
 3
 * As an initial matter, we conclude that there is federal jurisdiction to consider Coleman's petition. As the state concedes, Coleman's state habeas petitions raised claims that arose from the same facts here and claimed violations of his right to equal protection, a denial of his right to a fair possibility of trial by a jury of a representative cross-section of the community, and the denial of effective assistance of counsel by trial counsel's failure to object to the second venire. Thus Coleman has exhausted his state remedies for these three claims. The state argues that Coleman's claim that the state failed to provide an adequate remedy for the prosecutor's impermissible peremptory challenge of black jurors was not raised in state court. We disagree. Coleman has consistently argued that the prosecutor's peremptory challenge and his subsequent retrial denied him equal protection of the laws. See Appellant's Reply Brief at 4-5. He has therefore satisfied the exhaustion requirement by fairly presenting his claims by "describ[ing] the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 4
 The state's argument that Coleman's claims are not properly before us because they are procedurally barred also fails because "[t]he procedural default rule takes effect only if the state court 'clearly and expressly' based its decision on state procedural law." Nichols v. McCormick, 929 F.2d 507 (9th Cir.1991) (citing Harris v. Reed, 489 U.S. 255, 263 (1989). The state makes no showing that California courts rejected Coleman's claim on procedural grounds.
 
 II
 
 5
 Coleman argues that the remedy of summoning a second venire is inadequate. We decline the invitation to hold that selection of a second venire is an inadequate remedy in light of Batson's sensitivity to preserving states' discretion to fashion jury selection procedures.
 
 
 6
 In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today. For the same reason, we express no view on whether it is more appropriate in a particular case, upon a finding of discrimination ..., for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire.
 
 
 7
 476 U.S. at 100 (citations omitted). The quoted language makes it clear that selection of a new venire will ordinarily be an adequate remedy.[2] Accordingly, Coleman's claim that the selection of a second venire was an inadequate remedy for the attempt to exclude black jurors must fail.
 
 III
 
 8
 Coleman's claim that he was denied his right to "a fair possibility for obtaining a [jury composed of a] representative cross-section of the community." Williams v. Florida, 339 U.S. 78, 1000 (1970) (emphasis supplied), is unpersuasive. The only facts alleged in connection with this claim are those alleged in connection with his first claim: the prosecutor attempted to exclude blacks from the first venire, and a new venire with no blacks was drawn. The mere fact that a single venire did not contain blacks, however, does not suggest that there was not a fair possibility that a venire with blacks would be selected. A fair possibility is not the same as a guarantee of proportional representation in each venire. The facts alleged by Coleman therefore fail to make out a prima facie case of discrimination in the jury selection process.
 
 
 9
 Coleman's reliance on In Re Ryhmes, 170 Cal.App.3d 1100 (Cal.Ct.App.1985), is misplaced. The defendant in Rhymes marshalled evidence that the selection of venires from voter registration lists resulted in a wide gap between the proportion of blacks in the district and those in venires over a period of months, id at 1106. Coleman has alleged no facts about the venire selection process beyond the facts of the two venires in his case.
 
 IV
 
 10
 Turning to the claim of ineffective assistance of counsel, we find no merit in Coleman's claims. Having rejected Coleman's argument that the selection of a second venire was an inadequate remedy, we must conclude that Coleman was not prejudiced by his attorney's failure to make that argument earlier. Strickland v. Washington, 466 U.S. 668, 694 (1983). We are also unpersuaded by Coleman's argument that his counsel should have investigated whether the jury venire system systematically excluded black jurors. The mere fact that a single venire did not contain any black jurors does not obligate defense counsel to undertake a potentially time-consuming and expensive investigation of whether the jury system systematically excluded blacks. In electing not to undertake such an investigation, counsel did not fall below the standard of "reasonably effective assistance." Strickland v. Washington, 466 U.S. at 687.
 
 V
 
 11
 Finally, because Coleman has not alleged facts that would make the selection of a second venire an inadequate remedy or facts that would render his counsel's performance constitutionally deficient, the district court did not err in denying an evidentiary hearing. Harris v. Pulley, 692 F.2d 1189, 1197 (9th Cir.1982).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Batson v. Kentucky, 476 U.S. 79 (1986) (holding that discriminatory use of peremptory challenges is unconstitutional), had not been decided until the day that Coleman's conviction became final, California recognized that prosecutors could not use peremptory challenges to deny defendants the right to a trial by a fair cross-section of the community in People v. Wheeler, 22 Cal.3d 258, 282 (1978)
 
 
 [2]
 Coleman argues that selection of a second venire as a remedy may actually sometimes encourage a prosecutor's attempt to exclude a minority group. Particularly in jurisdictions where minorities make up only a small percentage of the population, he argues, discovery of the prosecution's unconstitutional exclusion of a targeted group and resulting dismissal of the original venire may only serve to increase the likelihood that no targeted members or a very small number will be summoned in the next venire. Coleman's argument suffers from a basic misunderstanding of probability: assuming that the pool from which venires are chosen is large enough, the number of minority members in any given venire is as independent of a previous venire as one roll of dice is of the roll before it. Although we could imagine hypothetically minuscule jurisdictions in which it might periodically transpire that a substantial portion of all minorities in the jurisdiction were in a single venire, Brown does not allege that such a hypothetical possibility occurred here. In effect, then, Coleman invites us to find the remedy here unacceptable because it might be inadequate in some hypothetical jurisdiction. In light of Batson's flexible approach to remedies, we must decline the invitation