959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee MADDOX, Defendant-Appellant.
 No. 91-50080.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lee Maddox appeals the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence.[1] In this pre-United States Sentencing Guidelines case, Maddox attacked his sentence imposed after entry of a guilty plea to five counts of mail fraud in violation of 18 U.S.C. § 1341.[2] Maddox contends the district court violated the fifth amendment prohibition against double jeopardy when it imposed on him consecutive sentences for separate mail fraud offenses even though those offenses arose out of a single scheme. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[3]
 
 
 3
 Maddox's double jeopardy argument essentially asks us to reconsider our previous cases in which we have held that separate mailings in furtherance of a single mail fraud scheme are separate offenses for which consecutive sentences may be imposed. See, e.g., United States v. Vaughn, 797 F.2d 1485, 1493 (9th Cir.1986) ("each mailing in furtherance of [a mail fraud] scheme constitutes a separate violation" of 18 U.S.C. § 1341); Nelson v. United States, 178 F.2d 458 (9th Cir.1949) (affirming imposition of consecutive sentences for each separate count of mail fraud conviction arising out of a single fraudulent scheme); see also United States v. Gering, 716 F.2d 615, 624 (9th Cir.1983) (noting that "maximum punishment may be imposed for each [separate] mailing" in a mail fraud scheme).
 
 
 4
 It is well established, however, that a panel not sitting en banc may not overturn Ninth Circuit precedent. Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3580 (Feb. 24, 1992) (No. 91-6906); United States v. Aguilar, 883 F.2d 662, 690 n. 25 (9th Cir.), cert. denied, 111 S.Ct. 751 (1991). Therefore, Maddox's argument must fail.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Rule 35(a) has since been substantially amended, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987 provides:
 The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 
 
 [2]
 To the extent that Maddox's argument relies on the United States Sentencing Guidelines, that reliance is misplaced. The Guidelines do not apply to conduct that occurred prior to November 1, 1987. United States v. Hadley, 918 F.2d 848, 854 (9th Cir.1990). The conduct to which Maddox pleaded guilty took place in 1983, prior to the effective date of the Guidelines
 
 
 [3]
 The government contends that Maddox's notice of appeal was untimely because the district court's order denying the Rule 35 motion was "entered" on Jan. 11, 1991 and the notice of appeal was not filed until Jan. 23, 1991. Examination of both the district court docket sheet and the order itself reveals that although the motion was decided on Jan. 11, the order was not entered until Jan. 29. Therefore, Maddox's notice of appeal was timely