8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Il Hwan KIM, Defendant-Appellant.
 No. 90-10644.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 4, 1993.
 
 Before FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Il Hwan Kim appeals his conviction and 60-month sentence imposed following a jury trial for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Kim contends that the district court erred by (1) denying his motion for acquittal based upon insufficient evidence and (2) imposing the statutorily-mandated minimum sentence, rather than a sentence within the applicable Sentencing Guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 Kim contends that insufficient evidence existed to support his conviction because he was not selling or assisting in the sale of drugs but was only smoking his girlfriend's drugs. This argument is unpersuasive.
 
 
 5
 "Sufficient evidence to support a conviction exists if any rational trier of fact, after viewing the evidence in the light most favorable to the government, could conclude the evidence was adequate to prove defendant guilty of each element of the crime beyond a reasonable doubt." United States v. Pitner, 979 F.2d 156, 161 (9th Cir.1992), petition for cert. filed, No. 92-8761 (U.S. May 17, 1993). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. Id.
 
 
 6
 To establish a violation of 21 U.S.C. § 841(a), the government must prove that the defendant (1) knowingly (2) possessed the drug (3) with intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). To be guilty of possession, the defendant must have the power to exercise "control and dominion" over the contraband. United States v. Vasquez-Chan, 978 F.2d 546, 550 (9th Cir.1992). "[M]ere proximity to the drug, ... presence on the property where it is located, and ... association with the person who controls it are insufficient to support a conviction for possession." Id. Nonetheless, a jury can infer knowing possession if a rational basis exists "for attributing interest in the contraband to one party because of [his] relationship with another." United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.) (wife's interest associated with husband's interest in cocaine), cert. denied, 488 U.S. 943 (1988). An intent to distribute can be inferred by the purity, price, and quantity of the drug possessed. Id. at 838.
 
 
 7
 Here, on August 16, 1989, a search warrant was executed at an apartment leased to Kim's girlfriend, Kuk Hui Dunfee. Kim had moved into the apartment in April or May of 1989. After knocking and hearing no answer, Special Agents from the Drug and Enforcement Agency, Internal Revenue Service, and Bureau of Alcohol, Tobacco and Firearms, and Honolulu police detective Mark Logan, forced entry into the apartment. Dunfee and Kim were found sitting at a table that held methamphetamine in open view. A search of the apartment led to the discovery of more methamphetamine found in the bottom of a deodorant can, residue of methamphetamine scraped from a pipe, three yellow bindles filled with crystal methamphetamine, four empty bindles, a ziplock bag containing crystal methamphetamine, and two types of weighing scales. No financial records or large amounts of cash were found. According to detective Logan, Kim admitted in an interview that he had been smoking methamphetamine that night and that his girlfriend, Dunfee, had obtained the drugs from another woman. Logan also testified that Kim stated he had obtained "ounce amounts" of methamphetamine in the past from a different source who no longer was willing to supply him with drugs. Detective Logan was also qualified as an expert witness and gave his opinion that the methamphetamine in the ziplock bag and from the pipe were for personal use while that in the false bottom of the deodorant can and in the bindles were packaged for street distribution. The total amount of methamphetamine found was 40.06 grams which could produce a profit greater than $50,000 upon street distribution.
 
 
 8
 Although Dunfee purchased the drugs, the jury could reasonably infer that Kim exercised control and dominion over the methamphetamine by his use of the drugs, his sharing of the apartment for four or more months, and his personal relationship with Dunfee. See Savinovich, 845 F.2d at 837; but see Vasquez-Chan, 978 F.2d at 551 (housekeeper or houseguest not guilty of possession simply by knowledge of the drug's existence and location). Further, the value and quantity of the seized methamphetamine was significant enough for the jury to infer an intent to distribute. See Savinovich, 845 F.2d at 838. Accordingly, because the jury could reasonably conclude that the evidence was adequate to prove Kim guilty of each element of possession with intent to distribute beyond a reasonable doubt, the district court properly denied the motion for acquittal. See Pitner, 979 F.2d at 161.
 
 II
 Mandatory Minimum Sentence
 
 9
 Kim finally contends that the district court's imposition of the 60-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) was unconstitutional because it nearly doubled the maximum sentence under the applicable Guidelines range. Kim concedes that Ninth Circuit authority does not support his contention but raises the argument for the purpose of preserving the issue for resolution by the Supreme Court.
 
 
 10
 To the extent that Kim requests us to reconsider Ninth Circuit authority, see, e.g., United States v. Valente, 961 F.2d 133, 134 (9th Cir.1992) (Guidelines expressly defer to statutorily-mandated sentences that conflict with Guidelines); United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam) (statute controls and mandatory provisions of section 841(b) do not violate due process), we note that a panel not sitting en banc may not overturn Ninth Circuit precedent. See Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992).
 
 
 11
 Accordingly, the district court properly sentenced Kim to the mandatory minimum sentence of 60 months' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3