8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Castle WOOLLEY, aka D. Castle Wooley, Defendant-Appellant.
 No. 93-10094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Woolley appeals his 12-year sentence imposed following entry of his guilty plea to the cultivation of more than 1,000 marijuana plants in violation of 21 U.S.C. § 841 and the use of real property to commit a felony in violation of 21 U.S.C. § 855. We have jurisdiction under 28 U.S.C. § 1291, and we grant counsel's motion to withdraw and affirm the district court's judgment.
 
 
 3
 Counsel for Woolley filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several constitutional challenges to the sentencing enhancement provisions of 21 U.S.C. § 841(b)(1). Woolley filed a supplemental brief raising non-constitutional arguments advocating the legalization of marijuana.
 
 
 4
 Counsel correctly notes that this court has already rejected these same constitutional challenges to section 841(b)(1). See United States v. Klein, 860 F.2d 1489, 1499, 1501 (9th Cir.1988) (mandatory minimum sentences not cruel and unusual punishment and rationally related to Congress' legislative purpose in sentencing large-volume dealers more severely); United States v. Kinsey, 843 F.2d 383, 393 (9th Cir.) (no violation of doctrine of separation of powers), cert. denied, 487 U.S. 1223 (1988), and cert. denied, 488 U.S. 836 (1988). We note that a panel not sitting en banc may not overturn Ninth Circuit precedent. See Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992). In regard to Woolley's arguments for legalizing marijuana, among which is the claim that Congress is mistaken in its grouping of marijuana with harmful man-made drugs, his concerns would be expressed more appropriately to Congress than this court. See Kinsey, 843 F.2d at 393 (control and enforcement of drug abuse and drug trafficking fall within the scope of Congress' delegated powers).
 
 
 5
 Accordingly, the motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3