26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Jay McCORVEY, Defendant-Appellant.
 No. 93-30342.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Jay McCorvey appeals his sentence imposed under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e) (ACCA), for being an ex-felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). McCorvey contends the district court erred by finding that the ACCA did not create a separate offense which must be specifically pleaded in the indictment. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We have rejected this argument numerous times, most recently in United States v. Wilson, 7 F.3d 828 (9th Cir.1993), holding that the ACCA is a sentencing enhancement statute and does not state a separate offense. Id. at 837-38. It is well-established that, in the absence of intervening precedent nullifying an earlier decision, Estate of Evelyn Eileen Catli v. Donald Wate Catli, 999 F.2d 1405, 1408 n. 5 (9th Cir.1993), a panel not sitting en banc may not overturn Ninth Circuit precedent, Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992). Accordingly, McCorvey's challenge must fail.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McCorvey's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3