51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kirk RISHOR, Defendant-Appellant.
 No. 93-30402.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided Jan. 4, 1995.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The motion of appellant Kirk Rishor made by and through Gerald R. Smith, his attorney, requesting us to vacate and reissue the memorandum decision is granted. The memorandum disposition filed April 11, 1994 is withdrawn and the mandate issued herein is recalled.
 
 
 2
 The memorandum disposition is ordered refiled as of the date of this order and thereafter the mandate shall issue forthwith.
 
 
 3
 Petitions to vacate and reissue a disposition or to recall a mandate are disfavored. Such motions are granted by this court upon showing of extraordinary circumstances only. Zipfel v. Halliburton Co., 861 F.2d 565, 567-68 (9th Cir.1988). We admonish counsel that repeated failure to timely file a petition for a writ of certiorari with the Supreme Court of the United States upon the timely request of a criminal defendant may lead to disciplinary proceedings against counsel in this court.
 
 
 4
 Appeal from the United States District Court, for the Eastern District of Washington, D.C. No. CR-89-00382-AAM; Alan A. McDonald, District Judge, Presiding.
 
 
 5
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 6
 MEMORANDUM**
 
 
 7
 Kirk Rishor appeals his 24-month sentence imposed upon revocation of his term of supervised release. Rishor was convicted of bank robbery upon entry of a guilty plea. Rishor contends the district court failed to comply with the requirements of U.S.S.G. Sec. 7B1.4 when it sentenced him to a 24-month term upon revocation of his supervised release because section 7B1.4 only authorized a 12-month term. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 8
 Rishor's argument is foreclosed by our recent decision in United States v. Forrester, No. 93-10137, slip op. 2895 (9th Cir. Mar. 25, 1994). In Forrester, we held that district courts are not bound by the policy statements of Chapter 7 of the Sentencing Guidelines. Id. at 2899-2900. So long as the district court considers the applicable Chapter 7 policy statements before imposing sentence, United States v. Baclaan, 948 F.2d 628, 631 (9th Cir.1991) (per curiam), which both parties agree was the case here, the district court does not err by sentencing a defendant to a term outside the range set by Chapter 7, see Forrester, slip op. at 2899-2900.
 
 
 9
 To the extent that Rishor urges us to overturn the holding of Forrester, we point out that only a panel sitting en banc may overturn Ninth Circuit precedent. See Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992). For these reasons, Rishor's argument must fail.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3