MEMORANDUM ***
Thomas Edward Williams appeals the district court’s denial of his 28 U.S.C. § 2255 motion collaterally attacking his pre-Booker sentence following conviction by a jury for mail fraud, wire fraud, bank fraud, aiding and abetting, and false representation of Social Security numbers. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
Williams argues that Booker should be applied retroactively to his sentence in this collateral attack. This is foreclosed by our decision in United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir.2005) (“Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker’s publication.”). Williams’ direct appeal was already final when Booker was decided on January 12, 2005.
Williams argues that the district court should have interpreted his 28 U.S.C. § 2255 motion as a Rule 35 motion to correct an illegal sentence. This contention is without merit because Williams relies on an outdated version of the rule. See United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991) (“Although Rule 35(a) at one time provided ‘[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of the sentence,’ that version of Rule 35(a) is not applicable to individuals sentenced under the Sentencing Reform Act of 1984.” (citation omitted) (footnote omitted)).
Williams’ final argument is that due process requires that he receive the benefit of Booker because his former co-defendant obtained an Ameline remand. See United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). Williams’ former co-defendant’s direct appeal was affected by Booker because it was pending when Booker was decided. Williams’ appeal was not.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.