NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOSEPH MINH MCREYNOLDS, Defendant-Appellant. | No. 20-10115 D.C. Nos. 2:18-cr-01170-GMS-1 2:18-cr-01170-GMS MEMORANDUM[*] |
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOSEPH MINH MCREYNOLDS, Defendant-Appellant. | No. 20-10125 D.C. Nos. 3:11-cr-08133-GMS-2 3:11-cr-08133-GMS |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted November 19, 2021[**]
Phoenix, Arizona

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, CALLAHAN, and BRESS, Circuit Judges.

Joseph McReynolds ("Defendant") appeals the district court's entry of final judgment following his conviction for possessing a firearm as a felon under 18 U.S.C. § 922(g)(1) on three separate grounds: (1) that the district court did not have subject matter jurisdiction, (2) that the district court erred in denying his motion to suppress the firearm, and (3) that the district court abused its discretion in admitting evidence of his supervised release conditions.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. We review the district court's exercise of jurisdiction de novo. *United States v. Gallaher*, 275 F.3d 784, 788 (9th Cir. 2001). We hold that the district court had subject matter jurisdiction here. Section 922(g)(1) is a law of general applicability that makes certain actions criminal regardless of where the act is committed and regardless of who committed the act. *See United States v. Young*, 936 F.2d 1050, 1055 (9th Cir. 1991), *overruled in part on other grounds by United States v. Vela*, 624 F.3d 1148 (9th Cir. 2010). Federal jurisdiction under the statute is predicated on the interstate transportation or shipment of a firearm.[2]

---

[1] Defendant originally appealed his conviction and sentence on the Section 922 charge, as well as his sentence for the supervised release violation. The appeals were consolidated on Defendant's motion (Dkt. 10, Case No. 20-10125).

[2] Section 922(g) requires only that the firearm was "at some time" in interstate commerce and does not require that the time of transportation be reasonably close to the charged time of possession. *United States v. Casterline*, 103 F.3d 76, 77 (9th Cir. 1996).

2

Accordingly, the cases that Defendant cites are inapplicable as they deal with crimes for which federal jurisdiction depends on the situs of the crime or the status of the offender. *See, e.g.*, *United States v. McBratney*, 104 U.S. 621, 621–24 (1881) (analyzing jurisdiction for the crime of murder under the Indian Intercourse Act of 1834, a predecessor statute to the Indian General Crimes Act at 18 U.S.C. § 1152, both of which made all criminal laws of the United States in force in "Indian Country"); *see also New York ex rel. Ray v. Martin*, 326 U.S. 496, 500 & n.6 (1946). Defendant's argument that the state of Arizona had exclusive jurisdiction lacks merit.[3]

2. We review the denial of Defendant's motion to suppress de novo. *United States v. Orman*, 486 F.3d 1170, 1173 (9th Cir. 2007). Defendant does not argue that the traffic stop of the vehicle in which he was riding was unlawful– correctly so, given Officer Varela's reasonable suspicion after he observed the vehicle speeding. *United States v. Willis*, 431 F.3d 709, 715 (9th Cir. 2005). However, Defendant contends that Officer Varela's subsequent questioning related to whether he possessed a firearm was not lawful, citing Arizona state case *State v. Serna*, 331 P.3d 405 (Ariz. 2014). Additionally, Defendant argues that the binding

---

[3] In fact, Defendant's trial counsel refused to raise this jurisdictional challenge below because he did not believe he could do so ethically, as he did not have a "good legal basis" to do so.

Ninth Circuit precedent which "undercut[s] his position" was wrongly decided or overbroadly applied.

Defendant's arguments are unpersuasive. Following a lawful traffic stop, an officer can ask questions of both the driver and passenger, so long as doing so does not prolong the stop. *See United States v. Mendez*, 476 F.3d 1077, 1079–80 (9th Cir. 2007); *see, e.g., Maryland v. Wilson*, 519 U.S. 408, 413–15 (1997) (holding that officers making a traffic stop may order passengers to exit the vehicle in part because "the same weighty interest in officer safety is present regardless of whether the occupant of the stopped car is a driver or passenger"). No independent reasonable suspicion needs to be shown. *Mendez,* 476 F.3d at 1080–81. Here, Officer Varela asked Defendant whether he was armed almost immediately after stopping the vehicle. Defendant's answer in the affirmative gave rise to reasonable suspicion that he was armed and dangerous in the traffic stop context, which then allowed the officer to remove the weapon for the duration of the stop. *Orman*, 486 F.3d at 1173. The district court did not err in denying the motion to suppress the firearm.

3.    We review the district court's admission of evidence for abuse of discretion. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). Evidentiary rulings applying Federal Rule of Evidence 403 are afforded "special deference"

4

due to the "inherently fact-specific nature of the Rule 403 balancing inquiry." *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011) (quotations omitted).

Defendant contends that his supervised release conditions were not relevant, and that their admission at trial necessarily allowed the jury to conclude that Defendant knew he was not permitted to possess a firearm, not because he was a "prohibited possessor," but because his supervised release conditions forbade it.

*Rehaif v. United States*, 139 S. Ct. 2191 (2019), decided while Defendant's case was pending, requires that the Government prove that Defendant knew at the time he possessed the firearm that "he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. The district court found that in light of *Rehaif*, the supervised release conditions Defendant signed in 2018 were probative of what he knew about his status just months before the traffic stop when he possessed a firearm. After conducting a Rule 403 balancing, the district court admitted the evidence and gave the jury a limiting instruction to mitigate any potential prejudice. Defendant has failed to show any abuse of discretion, particularly given the special deference accorded such decisions under a Rule 403 balancing inquiry. *See Rizk*, 660 F.3d at 1132.

**AFFIRMED.**

5