# STATE OF MONTANA,
## Plaintiff and Respondent,
### v.
# TERRY ALLEN LANGFORD,
## Defendant and Appellant.

No. 89-370.
Decided July 1, 1991.
249 Mont. 385.
819 P.2d 151.

See also 248 Mont. 420 and 813 P.2d 936.

## OPINION AND ORDER.

On July 6, 1989, Terry Allen Langford (Langford), represented by counsel C. F. MacKay (MacKay), filed with this Court a petition for post-conviction relief wherein he alleges that the District Court of the Third Judicial District, Powell County, erred in sentencing him to death on the ground that the death penalty sentence was unconstitutional as a matter of law. On August 3, 1989, this Court stayed this post-conviction proceeding pending the completion of Langford's appeal in Cause No. 89-055 and ordered briefs to be filed. On August 31, 1989, Langford dismissed MacKay and Michael Donahoe (Donahoe) was substituted as his counsel. Donahoe filed the appellant's brief on October 3, 1990.

On June 4, 1991, Langford's appeal in Cause No. 89-055 was decided. *State v. Langford* (Mont. 1991), [248 Mont. 420,] 813 P.2d 936, 48 St.Rep. 492 (*Langford*). In *Langford*, this Court upheld the

constitutionality of Montana's death penalty statutes. *Langford,* 48 St.Rep. at 502, 813 P.2d at 952.

After reviewing the petition for post-conviction relief following our decision in *Langford,* we note that Langford's memorandum in support of petition for post-conviction relief additionally cites *Adamson v. Ricketts* (9th Cir. 1988) 865 F.2d 1011, *cert. denied,* 110 S.Ct. 3287 (1990). In *Adamson,* the Ninth Circuit Court of Appeals held that Arizona's death penalty statutes were unconstitutional. *Adamson,* 865 F.2d at 1044-45. Langford argues that *Adamson* is controlling because the statutory language of Arizona's death penalty statutes is similar to Montana's.

In the briefs filed and in the oral argument in *Langford,* Donahoe did not cite or rely on *Adamson.* In the United States Supreme Court's recent decision in *Walton v. Arizona* (1990), __ U.S. ___, 110 S.Ct. 3047, 111 L.Ed.2d 511, the Court upheld the constitutionality of Arizona's death penalty statutes. *See also, Nichols v. McCormick* (9th Cir. 1991), 929 F.2d 507, 509, n. 3, where the Ninth Circuit Court of Appeals discusses the impact of *Walton* on its prior ruling in *Adamson.* We therefore hold that *Adamson* is not controlling. As we have previously held in *Langford,* Montana's death penalty statutes are constitutional.

IT IS ORDERED:

1. The petition for post-conviction relief is denied.

2. The Clerk of this Court is directed to mail a true copy hereof to the Attorney General, to the Powell County Attorney, to counsel for petitioner and to petitioner personally.

DATED this 1st day of July, 1991.

s/ J. A. Turnage, Chief Justice
s/ Karla M. Gray, Justice
s/ William E. Hunt, Sr., Justice
s/ Fred J. Weber, Justice
s/ R. C. McDonough, Justice
s/ Terry Trieweiler, Justice