No. 92-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

TERRY ALLEN LANGFORD,

     Defendant and Appellant.

FILED

JUL 9 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael Donahoe, Donahoe & Yeshe Law Offices,
Helena, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
John Paulson, Assistant Attorney General, Helena,
Montana
Christopher G. Miller, Powell County Attorney, Deer
Lodge, Montana

Submitted on Briefs:   June 11, 1992

Decided:   July 9, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Terry Allen Langford (Langford) appeals an opinion and order dated December 12, 1991, from the Third Judicial District, Powell County, which denied as moot his motion to declare hanging a cruel and unusual method of execution. We affirm.

We rephrase the issue as follows:

Did the District Court properly deny as moot Langford's motion to declare hanging a cruel and unusual method of execution in violation of the Eighth Amendment to the United States Constitution?

On June 4, 1991, this Court affirmed Langford's convictions and death sentences imposed by the District Court following his guilty pleas to two counts of deliberate homicide, two counts of aggravated kidnapping, one count of aggravated burglary, one count of robbery, and one count of theft regarding the July 1988 deaths of Edward and Celene Blackwood in Ovando, Montana. State v. Langford (1991), 248 Mont. 420, 813 P.2d 936.

On July 1, 1991, this Court denied Langford post-conviction relief. State v. Langford (1991), 249 Mont. 385, 819 P.2d 151. On July 3, 1991, the District Court set September 24, 1991, as his execution date.

On September 10, 1991, this Court vacated Langford's September 24, 1991 execution date following Langford's filing of a second petition for post-conviction relief. This Court denied this second

2

petition for post-conviction relief on November 14, 1991. State v. Langford (1991), 250 Mont. 542, 822 P.2d 1092.

On November 26, 1991, the District Court set January 17, 1992, as Langford's execution date. Langford stated to the District Court that he elected hanging as the method of execution. The District Court issued a death warrant specifying hanging as the method of execution and allowed Langford until December 10, 1991, to file any further motions pertaining to his fitness to proceed.

On December 10, 1991, Langford filed consolidated motions to declare hanging unconstitutional, to certify the qualifications of the hangman, and to vacate the execution date. Following a hearing on December 10, 1991, the District Court issued its December 12, 1991 opinion and order denying as moot his motion to declare hanging unconstitutional, granting his motion to have the hangman's qualifications certified, and denying his motion to postpone the execution date.

On December 13, 1991, Langford petitioned for writ of habeas corpus in the United States District Court, and requested a stay of execution. On December 18, 1991, the United States District Court granted his stay of execution and allowed him additional time to file an amended petition. The amended petition, filed on January 31, 1992, included a claim that hanging is an unconstitutional method of execution.

On February 10, 1992, Langford filed a notice of appeal from the state District Court's opinion and order denying as moot his motion to declare hanging unconstitutional. On April 1, 1992, the United States District Court stayed the habeas corpus proceeding during the pendency of his appeal to this Court.

Did the District Court properly deny as moot Langford's motion to declare hanging a cruel and unusual method of execution in violation of the Eighth Amendment to the United States Constitution?

The District Court heard Langford's motion on December 10, 1991. Langford, his counsel, and the Powell County Attorney were present at the hearing. All parties waived the presence of a court reporter and the District Court instructed the clerk of court to take detailed minutes of the proceeding.

The minutes of the hearing and the District Court's subsequent written order indicate that the District Court inquired about Langford's previous decision to elect hanging as the method of execution. Langford advised the District Court that he wanted to affirm his original election to be executed by hanging. Notwithstanding Langford's previous election to die by hanging and the statutory mandate that he make the election for lethal injection at the hearing setting the execution date, the District Court informed him that it would allow him to elect lethal

4

injection at that time. Langford informed the District Court that he still wished to be executed by hanging. Thereafter, the District Court held that Langford's election to be executed by hanging rendered moot his argument that hanging was a cruel and unusual method of execution.

Section 46-19-103(3), MCA, provides Langford the opportunity to elect between lethal injection and hanging as a method of execution. Clearly, Langford had ample opportunity to elect lethal injection over hanging, but chose not to do so. Accordingly, he rendered moot any claim concerning the constitutionality of hanging as a method of execution. See DeShields v. State (Del. 1987), 534 A.2d 630. We therefore decline to discuss Langford's argument further.

In conclusion, we affirm the District Court's opinion and order dated December 12, 1991, denying as moot Terry Allen Langford's motion to declare hanging a cruel and unusual method of execution in violation of the Eighth Amendment to the U.S. Constitution.

_____
Chief Justice

5

We concur:

_John Conway Harrison_

_William E. Hunt_

_Karla M. Gray_

_R. C. McDonough_

_Terry Trieweiler_

_____
Justices