981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haydee Ceballos NARANJO, Defendant-Appellant.
 No. 91-55689.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Haydee Ceballos Naranjo, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion to vacate her sentence for conspiracy to distribute and possess with intent to distribute cocaine. Naranjo contends that the district court erred by failing to conduct an evidentiary hearing on her section 2255 motion.[1] We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 4
 Usually, a district court must order an evidentiary hearing on a section 2255 motion unless the allegations made in the petition fail to state a claim for relief or "are so palpably incredible or so patently frivolous or false as to warrant summary dismissal." Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982); see also 28 U.S.C. § 2255. Nevertheless, a district court is only required to give a claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.) (quotation omitted), cert. denied, 493 U.S. 869 (1989). A district court has the discretion to forgo a hearing and rely instead on the record, which may be supplemented by the following: discovery or documentary evidence, the judge's own notes and recollection of the plea hearing and sentencing process, and common sense. Id.
 
 
 5
 In her section 2255 motion, Naranjo argued that (1) her counsel told her to plea guilty, and (2) she made an agreement with the prosecutor to be sentenced to only two years imprisonment in return for a guilty plea.[2] The district court dismissed Naranjo's 2255 motion without an evidentiary hearing, stating that the files and record of the case showed conclusively that Naranjo was not entitled to relief. At the plea hearing, the district court conducted a thorough colloquy with Naranjo to ensure that her plea of guilty was knowingly and voluntarily made. Through an interpreter, Naranjo stated the following: she understood that the maximum sentence that could be imposed was a life term and that no decisions would be made concerning sentencing until the sentencing hearing; no promises had been made to her concerning her sentence; she understood the evidence that the government intended to prove; her counsel had explained the options available to her; she understood the effect her guilty plea would have regarding her constitutional rights; and both her counsel and the court interpreter had explained the content of the presentence report.
 
 
 6
 The district court record contained sufficient information regarding Naranjo's plea hearing and sentencing process to enable the district court to properly consider Naranjo's claims. See Shah, 878 F.2d at 1159. The district court did not abuse its discretion by forgoing an evidentiary hearing on Naranjo's section 2255 motion. See Greyson, 937 F.2d at 1412-13. Accordingly, we affirm the district court's denial of Naranjo's 28 U.S.C. § 2255 motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Naranjo argues, for the first time on appeal, that (1) the district court erred by failing to make findings on contested information in the presentence report, (2) the evidence was insufficient to support a conviction, and (3) the Sentencing Guidelines violate due process. Generally, we will not consider issues raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). The record indicates that the district court resolved disputes concerning contested information in the presentence report. In addition, the district court made Naranjo aware of the evidence against her prior to accepting her plea. The Sentencing Guidelines do not violate due process. United States v. Mondello, 927 F.2d 1463, 1467 (9th Cir.1991); see also United States v. Sanchez, 908 F.2d 1443, 1445-46 (9th Cir.1990). The arguments made by Naranjo do not present issues that warrant our review. See Flores-Payon, 942 F.2d at 558. Accordingly, we decline to consider them
 
 
 [2]
 Naranjo did not expressly renew these arguments, but we will liberally construe the pleadings of a pro se inmate and review these arguments in order to determine whether the district court properly denied her section 2255 motion without an evidentiary hearing. See United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991). Naranjo also argued that the district court improperly considered hearsay evidence at sentencing, and that she was entitled to a four level reduction of her offense level for being a minimal participant in the conspiracy. Both of these arguments are without merit. Pursuant to Fed.R.Evid. 1101(d)(3), rules excluding hearsay evidence do not apply at sentencing hearings. In addition, the district court gave Naranjo a four level adjustment in her offense level for being a minimal participant