127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. HORTON, Plaintiff-Appellant,
v.
Belinda D. STEWART, Superintendent MICC, Defendant-Appellee.
 No. 96-36242.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.**
Decided October 24, 1997.
 
 Appeal from the United States District Court for the Western District of Washington ROBERT J. BRYAN, District Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John D. Horton appeals pro se the district court's summary judgment in favor of defendant in Horton's 42 U.S.C. § 1983 action alleging his constitutional rights were violated when he was terminated from his job in the McNeil Island Corrections Center law library for providing effective legal access to prisoners. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 The district court properly dismissed the action against Stewart in her official capacity, See Bermudez v. Duenas, 936 F.2d 1054, 1066 (9th Cir.1991) (per curiam).[1] Moreover, Horton's contention that he should have been allowed to amend his complaint to sue Stewart in her individual capacity is meritless because he failed to allege Stewart's personal involvement. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that section 1983 action requires a showing of personal participation by defendant in alleged constitutional violation).
 
 
 4
 The district court did not abuse its discretion by denying Horton Leave to amend his complaint to include claims of discrimlnation[2] because Horton failed to bring those claims within 70 days of receiving a right to sue letter from the Equal Employment Opportunity Commission. See Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir.1992).
 
 
 5
 To the extent Horton's action is based on defendant's alleged unconstitutional failure to provide effective legal access to prisoners, we note that Horton lacks standing to bring an action on behalf of prisoners. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In her official capacity, Stewart is shielded from liability under the Eleventh Amendment. See Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1988). An action for damages is prohibited against Stewart in her official capacity because such an action is, in reality, a suit against the state itself. See Will v. Michigan Dep't of State Police, 491 U.S. 58. 71 (1989)
 
 
 [2]
 Horton intended to amend his complaint to add claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; and the Rehabilitation Act, 29 U.S.C. §§ 701-797