**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BRIAN LAMAR BROWN, | No. 13-16435 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-00770-PMP-PAL |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF NEVADA and ISIDRO BACA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

The district court found that many, but not all, of the claims asserted in

Petitioner-Appellant Brian Lamar Brown's petition for writ of habeas corpus were

unexhausted and stayed the action to permit Brown to pursue them in state court.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

When Brown returned to federal court to assert the newly exhausted claims, the district court found that all but one claim did not relate back to the properly exhausted claims in Brown's original petition. The court denied on the merits the one claim that did relate back and dismissed the remainder of the action with prejudice. Brown timely appealed.

Brown contends that Ground 11 of his amended supplemental petition relates back to Ground 3 of his original petition because both claims allege that the prosecutor made inflammatory or unsupported statements during closing argument. Though Brown asserted in conclusory fashion in his opening brief that Ground 11 relates back to Ground 3, he presented argument in support of this assertion only in his reply brief. Accordingly, the argument is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments "fully articulated" for the first time in a reply brief "are deemed waived").

Brown next requests that we expand the certificate of appealability to embrace his argument that the district court erred in dismissing this action without ruling on the merits of the exhausted claims in his original petition. We will do so. "[J]urists of reason would find it debatable whether the district court was correct" in failing to reach the originally exhausted claims, and "a 'quick look' at the face of the complaint" reveals that several of the claims colorably allege a constitutional

2

violation.  *See Valerio v. Crawford*, 306 F.3d 742, 767 (9th Cir. 2002) (en banc) (internal quotation omitted).

The district court apparently construed the petitions Brown filed after exhausting his claims in state court—which Brown styled "Amended Petition" and "Amended Supplemental Petition"—as an amended petition with the legal effect of superseding the exhausted claims in Brown's original petition.  *See Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014).  In fact, the context surrounding Brown's post-exhaustion petitions indicates that Brown intended only to supplement his original petition, not to supplant it.  First, the district court's stay-and-abey order called on Brown to return to federal court to "amend the Petition to add the [unexhausted] claims" after litigating those claims to completion in state court. The language "amend . . . to add" likely suggested to Brown that his original, exhausted claims would remain in play, and that he needed only to replead the unexhausted claims after he litigated them to completion in state court.  Second, that Brown would undertake the effort to stay his petition and exhaust his formerly unexhausted claims only to abandon the exhausted claims in his original petition is implausible.  In construing Brown's post-exhaustion petitions as "amended" rather than "supplemental" petitions, the district court failed to construe the petitions liberally to effectuate Brown's apparent intent.  *See United States v. Johnston*, 988

3

F.2d 941, 943 (9th Cir. 1993) (remarking that the "'unfortunate mislabelling'" of a pro se prisoner's petition for habeas corpus relief "'is not necessarily fatal to maintaining'" the prisoner's claims (quoting *United States v. Young*, 936 F.2d 1050, 1052 (9th Cir. 1991)).

Accordingly, we reverse the judgment of the district court and remand with instructions that the district court rule on the merits of the properly exhausted claims in Brown's original petition.

**REVERSED AND REMANDED.**