_____

No. 95-4149SD
_____

United States of America,        *
                                  *
          Appellee,               *
                                  *   On Appeal from the United
     v.                           *   States District Court
                                  *   for the District of
                                  *   South Dakota.
Michael Young,                    *
                                  *
          Appellant.              *


_____

Submitted:  May 14, 1996

Filed:  May 29, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and VAN
     SICKLE,[*] District Judge.
_____

RICHARD S. ARNOLD, Chief Judge.


     Michael Young was convicted in the District Court[1] of assaulting,
resisting, or impeding a federal officer in violation of 18 U.S.C. § 111.
He was sentenced to four years' probation, and a fine of $500.00 and a
special assessment of $50.00 were imposed.  Young appeals, arguing that the
government did not prove that the other person involved in the altercation
shown by the evidence at trial was a federal officer.  We affirm.

_____

     [*]The Hon. Bruce M. Van Sickle, United States District Judge
for the District of North Dakota, sitting by designation.

     [1]The Hon. Charles B. Kornmann, United States District Judge
for the District of South Dakota.

The person claimed by the United States, and found by the District Court, to be a federal officer within the meaning of § 111 was a man named John Miller. Mr. Miller was not an employee of the United States. He was a Rosebud Sioux Tribe police officer. The Department of the Interior, however, had a contract with the tribe for the performance of law-enforcement functions. Such contracts are authorized by 25 U.S.C. § 450h, known as Public Law 93-638. In addition, 25 U.S.C. § 2804(a) provides that the Bureau of Indian Affairs of the Interior Department may enter into an agreement for the use of tribal personnel to enforce federal or tribal law. And, under 25 U.S.C. § 2804(f), such persons, though not otherwise federal employees, are employees of the Department of the Interior for purposes of § 111 of Title 18 when acting under authority granted by the Secretary under 25 U.S.C. § 2804(a). See United States v. Schrader, 10 F.3d 1345 (8th Cir. 1993).

It is doubtless true, as Young argues, that not every person employed to carry out a "Public Law 638 contract" fits this definition. But the particular contract relevant to this case was in evidence as an exhibit at trial, and it does authorize the Rosebud Sioux Tribe, through employees hired for the purpose, to perform law-enforcement functions that would otherwise be performed by BIA officers. It is undisputed that officer Miller was such a person. He was acting pursuant to authority given to the tribe by its contract with the Department of the Interior. He is thus a federal officer within the meaning of 18 U.S.C. § 111 by the express words of 25 U.S.C. § 2804(f).

Young also argues that the evidence was insufficient to establish an assault, and that certain exculpatory information was improperly withheld by the government before trial. We have considered these arguments and hold that they are without merit. They are not substantial enough to deserve discussion.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.