**UNITED STATES of America,**
**Plaintiff,**

v.

**Reginald WILLIAMS, Defendant.**

**No. 96–CR–20034.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Aug. 30, 1999.

Frances C. Hulin, David H. Hoff, Office of United States Attorney, Urbana, IL, for plaintiff.

Thomas W. Patton, Office of Federal Public Defender, Springfield, IL, for defendant.

## ORDER

McCUSKEY, District Judge.

This case is before the court for ruling on the Motion of Defendant, Reginald Williams, to Sever Counts I and II(# 15). Defendant's Motion (# 15) is GRANTED.

### FACTS

On June 21, 1996, Defendant was charged by indictment with knowingly possessing more than 50 grams of a mixture containing cocaine base ("crack") on or about June 27, 1995, with the intent to distribute it (Count I), and knowingly and wilfully making a false statement in an application for a passport on December 8, 1994, with the intent to induce and secure the issuance of a passport (Count II). Both charges arose out of a search of an apartment conducted on June 27, 1995. During the search, police officers found crack cocaine inside two hollowed-out hardback books. Defendant was present inside the apartment at the time of the search and his fingerprints were found on both books. Police officers also found a passport which had Defendant's picture and the name and personal information of Gregory Macon. This passport provided the basis for Count II of the indictment against Defendant.

Defendant was arrested on May 7, 1999. On May 18, 1999, the Federal Public Defender's office was appointed to represent Defendant. On August 20, 1999, Defendant filed a Memorandum of Law in Support of Motion to Sever Counts I and II(# 15). He argues that the joinder of the two counts is improper because there is no connection between the two counts of the indictment. On August 25, 1999, the Government filed its Response to Defendant's Motion to Sever Counts (# 17). The Government argues that Count I and Count II should not be severed for trial because the evidence in Count II is "intricately intertwined" with the evidence in Count I.

### ANALYSIS

▮▮▮ Whether joinder is permitted by Rule 8 of the Federal Rules of Criminal Procedure is a question of law. *United States v. Turner*, 93 F.3d 276, 283 (7th Cir.1996), *cert. denied*, 519 U.S. 1034, 117 S.Ct. 596, 136 L.Ed.2d 524 (1996). Rule 8(a) provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Fed.R.Crim.P. 8(a).

Joinder of counts under Rule 8(a) "requires nothing more than the similarity of the offenses to be joined." *Turner*, 93 F.3d at 283. However, the language of Rule 8(a) "is a rather clear directive to compare the offenses charged for categorical, not evidentiary, similarities." *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir.1994); see also *Turner*, 93 F.3d at 283. The test for proper joinder is based upon what the indictment charges, not what the evidence at trial shows. *Coleman*, 22 F.3d at 132; see also *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1095, 143 L.Ed.2d 95 (1999).

▮▮▮ The Seventh Circuit has articulated two different standards for determining whether the "same or similar" offenses are properly joined. *United States v. Myrick*, 1997 WL 564673, at *7 (N.D.Ill.1997). The first standard is met when "the counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *Coleman*, 22 F.3d at 131 (citing *United States v. Koen*, 982 F.2d 1101, 1111 (7th Cir.1992)). This standard has been

called the "short-period-of-time/evidence-overlap" formula. See *Turner*, 93 F.3d at 283. Alternatively, "if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned." *Turner*, 93 F.3d at 283 (quoting *Coleman*, 22 F.3d at 133).

█ In this case, the joinder of Count I and Count II does not meet either standard articulated by the Seventh Circuit. The first standard is not met because the counts do not refer to the "same type of offenses." Similarly, the alternative standard is not met because the offenses charged are not of like class. Therefore, even if there is some evidentiary overlap, this is not sufficient for Count I and Count II to be properly joined under Rule 8(a). The Court in *Coleman* provided the following example: "Two armored car robberies committed months apart are offenses of same or similar character; possessing five kilograms of cocaine and defrauding a bank, even if they occur on the same day, are not." *Coleman*, 22 F.3d at 133.

The Government argues that evidence of the acquisition of the false passport is directly relevant to the drug offense. It contends that at least one Government witness will testify at trial that "Jamaica is a major international source for illegal drug trafficking of cocaine into the United States and that Jamaican cocaine drug dealers frequently are Jamaican nationals with false passport identities used to accomplish their crimes, including possession and distribution of cocaine." The Government also argues that it will present evidence of other incidents of Defendant using a false identity and passport as part of his involvement in the illegal drug trade and in order to avoid prosecution and detection.

█ However, as previously noted, it is the face of the indictment on which courts must focus in deciding whether charges were properly joined. *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995), *cert. denied*, 516 U.S. 1175, 116 S.Ct. 1268, 134 L.Ed.2d 216 (1996) (citing *Cole-*

*man*, 22 F.3d at 134). In *Hubbard*, the Seventh Circuit concluded that a charge based upon possession of a firearm was improperly joined with drug charges based upon a narcotics transaction. The Government argued in *Hubbard* that the "firearms count arose out of Hubbard's trafficking in narcotics, and the narcotics counts explained the motive for the possession of the firearms." *Hubbard*, 61 F.3d at 1270. The Court disagreed, noting that the firearms were discovered more than 17 months after the narcotics transaction. *Hubbard*, 61 F.3d at 1270. Therefore, a significant expanse of time separated the discovery of the firearms from the conduct underlying the narcotics charges. *Hubbard*, 61 F.3d at 1270. The Court stated:

> The unlawful possession of a firearm is, of course, an offense wholly distinct from the distribution of narcotics, established on proof of elements unique to that offense. It is not, in other words, a crime "of the same or similar character" to narcotics trafficking for purposes of Rule 8(a). *Hubbard*, 61 F.3d at 1270–71.

Although the Court in *Hubbard* determined that the misjoinder was harmless error (*Hubbard*, 61 F.3d at 1272), this court must conclude that Count I and Count II were misjoined in this case.

Focusing on the face of the indictment, this court concludes that making false statements to obtain a passport on December 8, 1994, is an offense "wholly distinct from" possession of crack cocaine on July 27, 1995. Based upon *Hubbard* and *Coleman*, this court concludes that Count I and Count II do not charge offenses "of the same or similar character." This court further notes that the Government has not argued that there is any direct connection between Defendant's obtaining a passport on December 8, 1994, and possession of crack cocaine on June 27, 1995, so that the two offenses could be considered "parts of a common scheme or plan." Therefore, Count I and Count II cannot properly be joined under Rule 8(a). Accordingly, De-

fendant's Motion to Sever must be granted.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Sever Counts I and II(# 15) is GRANTED.

(2) The time during which Defendant's Motion to Sever was pending, August 20, 1999, to August 30, 1999, is excluded from the time within which Defendant's trial on the charges must commence. 18 U.S.C. § 3161(h)(1)(F). In addition, because of Defendant's pending motion, this court further finds that the ends of justice are served by the continuance of Defendant's jury trial from August 30, 1999, to September 13, 1999, and that this action outweighs the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

(3) This case remains set for jury trial on Count I of the indictment on September 13, 1999, at 9:30 a.m.