**UNITED STATES of America,**
**Plaintiff,**

v.

**Kevin KAQUATOSH, Defendant.**

**No. 02–CR–151.**

United States District Court,
E.D. Wisconsin.

Oct. 17, 2002.

Joy M. Bertrand, Milwaukee, WI, for Plaintiff.

Dean A. Strand, Milwaukee, WI, for Defendant.

## DECISION AND ORDER ON GOVERNMENT'S OBJECTIONS TO MAGISTRATE'S ORDER

ADELMAN, District Judge.

### I. BACKGROUND

Defendant Kevin Kaquatosh, a Native American, is charged in a three count indictment. Count one alleges that on December 31, 2001 he assaulted with intent to kill Marvin Wayka, also a Native American, on the Menominee Indian Reservation by striking Wayka in the head with a wooden object, causing Wayka to lose consciousness and sustain an open skull fracture. Count two charges that on January 6, 2002 defendant assaulted with intent to kill Native American August Corn, Jr. on the Reservation by stabbing Corn in the face with a knife, causing a six-inch by one-inch wound. Finally, count three charges that on January 26, 2002 defendant forcibly assaulted or resisted an officer of the United States, specifically Joseph Tenor of the Menominee Tribal Police, while Tenor was performing his official duties.

Defendant moved to sever count three on the ground that it was improperly joined with counts one and two. Magistrate Judge Aaron E. Goodstein, to whom this matter was assigned for pretrial proceedings, granted the motion and ordered that count three be severed. Before me now are the government's objections to the order.[1]

### II. DISCUSSION

#### A. Standard of Review

On non-dispositive pretrial matters on which the magistrate judge may rule directly, I may reconsider the "decision only 'where it has been shown that the magistrate's order is clearly erroneous and contrary to law.'" *United States v. Brown,* 79 F.3d 1499, 1503 (7th Cir.1996) (quoting 28 U.S.C. § 636(b)(1)(A)). Therefore, I review Judge Goodstein's order for clear error only.

#### B. Applicable Law

■ Federal Rule of Criminal Procedure 8(a) provides that two or more offenses may be charged in the same indictment if the offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. While there is a strong policy preference in favor of joinder, at least one of the requirements of the rule must be satisfied for joinder to be proper. *See United States v. Alexander,* 135 F.3d 470, 476 (7th Cir.1998); *United States v. Randazzo,* 80 F.3d 623, 627 (1st Cir.1996).

---

1. The motion and order were based on the original indictment. The government has since filed a superseding indictment correcting deficiencies in counts one and two. However, the issue of whether count three is properly joined remains, and both parties wish me to address it.

The parties agree that the three charged offenses here are not based on the same act or transaction or a common scheme or plan. Instead, they focus on whether the charged acts are "of the same or similar character." Fed.R.Crim.P. 8(a).

■■■■ In deciding whether joinder is proper under this standard, I look only at the face of the indictment, not at the underlying facts. *Alexander,* 135 F.3d at 475–76; *United States v. Hubbard,* 61 F.3d 1261, 1270 (7th Cir.1995). As the Seventh Circuit has stated:

> This language in Rule 8(a) is a rather clear directive to compare the offenses charged for categorical, not evidentiary, similarities. Further, the similarity of character of different offenses does not significantly depend on their separation in time. Two armored car robberies committed months apart are offenses of same or similar character; possessing five kilograms of cocaine and defrauding a bank, even if they occur on the same day, are not. Simply put, if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned.

*United States v. Coleman,* 22 F.3d 126, 133 (7th Cir.1994) (footnote omitted).

■■■■ "The offenses need not be of identical statutory origin in order to be *similar,* but their correspondence in type is obviously central to their proper joinder on this ground." *Id.* at 133 n. 10; *compare Alexander,* 135 F.3d at 476 (holding that eleven counts of bankruptcy fraud and two counts of mail fraud were properly joined because they all involved a materially false representation made with intent to deceive a specified victim and were committed in order to enhance the defendant's business); *United States v. Turner,* 93 F.3d 276, 283–84 (7th Cir.1996) (holding that two charges were of the same or similar character when they alleged violations of "closely-related statutory prohibitions" and involved the same controlled substance); *with Hubbard,* 61 F.3d at 1270–71 (holding that unlawful possession of a firearm was an offense "wholly distinct" from the distribution of narcotics); *United States v. Williams,* 64 F.Supp.2d 787, 789 (C.D.Ill. 1999) (holding that possession of crack cocaine and wilfully making a false statement in a passport application were not similar offenses).

Although the Seventh Circuit has stated that "Rule 8(a) requires nothing more than the similarity of the offenses to be joined," *Turner,* 93 F.3d at 283, courts must be careful not to find similarity "at a level of generality so high as to drain the term of any real content." *Randazzo,* 80 F.3d at 628; *see also United States v. Richardson,* 161 F.3d 728, 733 (D.C.Cir. 1998) ("[J]oinder under Rule 8 is not infinitely malleable: it cannot be stretched to cover offenses ... which are discrete and dissimilar and which do not constitute parts of a common scheme or plan."). This "is the broadest of the possible bases for joinder under Rule 8(a)," *Alexander,* 135 F.3d at 476, but, contradictorily, the one least likely to serve the purposes of joinder—judicial economy and convenience, *see Coleman,* 22 F.3d at 132. Offenses arising out of the same act or a common scheme will involve overlapping evidence and if tried together would eliminate duplicative efforts. However, if offenses similar in type but sharing no common evidence, witnesses or victims are joined little time and effort is saved. *See id.; United States v. Halper,* 590 F.2d 422, 430 (2d Cir.1978) ("When all that can be said of two separate offenses is that they are of the 'same or similar character,' the customary justifications for joinder (efficiency and economy) largely disappear.").

Moreover, when such offenses are joined the danger of prejudice to the defendant is increased. The defendant may be forced to present separate or conflicting defenses simultaneously, and the jury may have difficulty keeping the evidence straight or, worse yet, infer criminal proclivity based on the charging of multiple offenses.[2] *See Coleman*, 22 F.3d at 132 (citing *Drew v. United States*, 331 F.2d 85, 88 (D.C.Cir. 1964); *Halper*, 590 F.2d at 430–31. Therefore, some principled limitation on joinder must be enforced.

It has been suggested that offenses should be joined only to the extent that evidence of one would be admissible at a separate trial on the other, as under Fed. R.Evid. 404(b). *See, e.g., Coleman*, 22 F.3d at 132; *Halper*, 590 F.2d at 431 ("[J]oinder of offenses under the Rule 8(a) rubric of 'same or similar character' has been upheld where evidence of the one offense would be admissible in a separate trial on the other offense as evidence of 'other crimes, wrongs, or acts.' In such circumstances, the reasoning goes, the defendant is not unfairly prejudiced by the joint trial of the offenses."); 1A Charles A. Wright, *Federal Practice and Procedure* § 143 at 41 (1999) ("The view seems to be gaining acceptance ... that the most important consideration is whether evidence of one offense would have been admissible at a trial of the other offense ....").[3]

Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of the defendant or action in conformity therewith. However, such evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. If evidence of the other offense would be admissible under this Rule regardless of whether the offenses were formally joined, the purposes of joinder (efficiency and economy) are served without any increased danger of unfair prejudice.

Although the Seventh Circuit has discussed this limitation on Rule 8(a), *see Coleman*, 22 F.3d at 132; *United States v. Shue*, 766 F.2d 1122, 1134 (7th Cir.1985) (finding joinder proper where evidence of one robbery would have been admissible at trial on other robbery to prove modus operandi); *see also United States v. Hogan*, 886 F.2d 1497, 1507 (7th Cir.1989) (analyzing admissibility of evidence under Fed.R.Evid. 404(b) in context of Fed. R.Crim.P. 14 motion for severance); it has not yet formally adopted it, instead favoring the "categorical approach" discussed in *Coleman* and *Alexander*. A crime categorically the same as the charged offense is, of course, more likely to be admissible as "other act evidence" than a dissimilar crime. However, it would appear that adoption of the rule favored by the D.C.[4]

---

**2.** Judge Learned Hand once wrote: "There is indeed always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all." *United States v. Lotsch*, 102 F.2d 35, 36 (2d Cir.1939).

**3.** In *Randazzo*, the court noted that while the "same act or transaction" and "common scheme or plan" prongs of the rule obviously serve the underlying purposes of joinder, the

"same or similar character" prong "is less clear." 80 F.3d at 627. "About the best one can say is that in such cases the evidence of one crime is more likely to be independently admissible, on theories reflected in Fed. R.Evid. 404(b), in proving the other, 'similar' crime." *Id.* at 628 n. 1

**4.** *See Richardson*, 161 F.3d at 734 ("Where there is no substantial overlap in evidence and particularly where the evidence necessary to prove each of the offenses would be inadmissible in a trial of the other, judicial econo-

and Second[5] Circuits would perhaps better balance the purpose of Rule 8(a)—judicial economy—with the defendant's right to a fair trial. In any event, even under the more general categorical approach, the Seventh Circuit has made clear that district courts must be vigilant in monitoring any unfairness caused by joinder. *Coleman*, 22 F.3d at 134.[6]

With these factors in mind, I turn to the indictment against defendant Kaquatosh.

## C. Joinder of Charges in the Present Case

Count one alleges that defendant assaulted Marvin Wayka with intent to kill in violation of 18 U.S.C. §§ 113(a)(1) and 1153. Count two charges that defendant assaulted August Corn, Jr. with intent to kill in violation of 18 U.S.C. §§ 113(a)(1) and 1153. Count three charges that defendant forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with Joseph Tenor, an officer of the United States, to wit an officer of the Menominee Tribal Police Department, in violation of 18 U.S.C. § 111(a)(1).[7]

The first two offenses, charged under the same statute, are properly joined. *See United States v. Walls*, 80 F.3d 238, 243 (7th Cir.1996) (holding that two counts charged under same statutory provision were properly joined). The issue is whether the third charge, one of resisting a federal officer, is of a similar character to the assault with intent to kill charges. I conclude that Judge Goodstein committed no clear error in finding that it is not.[8] More than that, I agree with his conclusion.

Obviously, the offenses are charged under separate statutes. Moreover, the elements of the offenses are quite different. Counts one and two are charged under the Major Crimes Act, 18 U.S.C. § 1153, which allows the United States to prosecute certain serious crimes committed by one Indian against another in "Indian country." Count three, on the other hand, is charged under 18 U.S.C. § 111(a)(1), which has no similar geographic limitation and does not require that the perpetrator or victim be an Indian; instead, the "victim" must be a federal officer or agent.[9] *See United*

my does not favor joinder."); *see also Drew*, 331 F.2d at 88.

5. *Halper*, 590 F.2d at 431 ("The rule set down by [the D.C. Circuit], which we here endorse, requires a severance of offenses that are purportedly of the 'same or similar character' unless evidence of the joined offenses would be mutually admissible in separate trials or, if not, unless the evidence is sufficiently 'simple and distinct' to mitigate the dangers otherwise created by such a joinder.").

6. *Coleman* suggested that unfairness can be addressed under Fed.R.Crim.P. 14. However, the Seventh Circuit has never suggested that such considerations must be ignored under Rule 8(a).

7. The parties have not asked me to address whether tribal officers are properly considered officers of the United States under

§ 111. Some courts have found that they are if the evidence shows that the Bureau of Indian Affairs had a contract with the tribe for the performance of law enforcement functions, as authorized by 25 U.S.C. §§ 450h & 2804(a). *See, e.g., United States v. Smith*, No. 99–5086, 1999 WL 770217, 1999 U.S.App. LEXIS 23765, at *3 (10th Cir. Sept. 29, 1999); *United States v. Young*, 85 F.3d 334, 335 (8th Cir.1996); *cf. United States v. Smith*, 562 F.2d 453, 459 (7th Cir.1977).

8. Judge Goodstein did suggest that the underlying facts would have been helpful in deciding the motion. However, the propriety of joinder must be assessed on the face of the indictment, not the possible evidence at trial. Nevertheless, I agree with Judge Goodstein's conclusion.

9. In this instance, the federal officer happened to be employed by the Menominee

*States v. Young*, 936 F.2d 1050, 1055 (9th Cir.1991) (holding that 18 U.S.C. § 111 is a law of general, non-territorial applicability, distinct from the Major Crimes Act).

While the government contends that all three counts involve violent assaults on others, the allegation in count three—that defendant assaulted or resisted a federal officer—is a far cry from the allegations in counts one and two—that defendant attempted to kill two Indians. First, count three does not require proof of a physical assault to sustain conviction; rather, defendant could be found guilty if he forcibly resisted, opposed, impeded, intimidated or interfered with the officer. Neither does count three require that defendant have acted with any intent to cause physical harm or death to the officer, as do counts one and two. Finally, counts one and two allege that defendant used a weapon and, in fact, caused serious physical injury to the victims. Count three makes no reference to a weapon and does not allege that the officer sustained an injury. All the government is left with, then, is that each count alleges the use of force. But for the categorical approach to have any meaning, it must permit more than two categories of offenses—violent and non-violent.

The government also notes that all three offenses occurred within the period of about one month. But mere closeness in time is an insufficient basis for joinder. *See Coleman*, 22 F.3d at 134 n. 10 (noting that proximity in time is rarely probative of sameness). Even offenses committed on the same day must be categorically similar to justify joinder. *Id.* at 133. Here, there is no such similarity.

Finally, there is no indication that under Fed.R.Evid. 404(b) evidence pertaining to count three would be admissible at a trial on counts one and two. The charges of assault with intent to kill and resisting an officer do not appear to involve common motives or a common modus operandi. Nor does it appear that the offenses are linked by some other Rule 404(b) factor.[10]

In sum, the offense charged in count three cannot be considered to be of the same or similar character as those charged in counts one and two. I agree with Judge Goodstein that count three must be severed and will not disturb his order.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's objections are overruled,

---

Tribal Police Department. However, the indictment does not reveal whether he is also an Indian. In any event, under the categorical approach endorsed by the Seventh Circuit, the fact is irrelevant. I am here comparing two classes of crimes—assault with intent to kill under the Major Crimes Act and resisting a federal officer.

10. The government, in response to Judge Goodstein's statement that it would have been helpful to know the underlying facts, discusses the potential evidentiary overlap. Because this factor is irrelevant under the controlling legal standard, I need not address it. But even if I did, my conclusion would be the same. The most the government has shown is that perhaps one witness to the alleged conduct in count two was present when Officer Tenor attempted to arrest defendant as

described in count three, and that defendant was on bail on counts one and two at the time he allegedly resisted Officer Tenor. This evidence would not make the offenses more similar; nor has the government shown how Rule 404(b) would apply based on these facts. *Cf. Richardson*, 161 F.3d at 734 ("Offenses do not become logically related solely by way of an intervening arrest; that is, the fact that an intervening arrest brings preceding and succeeding offenses together temporally or precipitatively simply does not suffice to create the logical relationship contemplated by Rule 8 . . . ."). The government also notes that Tenor suffered a scrape to his left knee and pain to his right pinky, right thumb, and left forearm as a result of defendant's resistance. These injuries are in no way comparable to what is alleged was inflicted on Wayka and Corn.

the motion to sever is granted, and count three is severed from counts one and two.